1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DERRICK OWENS,                              No.  2:15-cv-0982 TLN KJN P

12              Plaintiff,

13        v.                                     ORDER

14   JACKIE CLARK, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner, currently incarcerated at California Medical Facility in

18   Stockton, California.  Plaintiff proceeds without counsel in this civil right action filed pursuant to

19   42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302, pursuant to 28

20   U.S.C. § 636(b)(1).  Now pending before the court are plaintiff's request to proceed in forma

21   pauperis, motion for leave to file an amended complaint, and motion for appointment of counsel,

22   each of which is addressed in turn below.

23   I.  Request to Proceed In Forma Pauperis

24        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

25   (ECF No. 9.)

26        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

27   Accordingly, the request to proceed in forma pauperis will be granted.

28   ////

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.  <u>Motion for Leave to File an Amended Complaint</u>

Plaintiff has filed a motion for leave to file an amended complaint.  (ECF No. 11.)  In his motion, rather than file a proposed first amended complaint, plaintiff instead sets forth fourteen pages of additional allegations, citations, and legal arguments (<u>id.</u> at 2-15), and twenty-eight pages of exhibits (<u>id.</u> at 18-45).  This filing is apparently intended to supplement plaintiff's initial complaint, which consists of thirty-six pages of allegations, citations, and legal arguments (ECF No. 1 at 1-36) and eighty-four pages of exhibits (<u>id.</u> at 45-128).

Plaintiff is advised as follows.  First, as the court has as yet not ordered service of the initial complaint, plaintiff will be granted leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a).

Second, plaintiff is informed that the court cannot refer to a prior pleading (such as plaintiff's initial complaint) in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Accordingly, the allegations, citations, legal arguments, and exhibits filed in conjunction with plaintiff's motion for leave to file an amended complaint will be disregarded in favor of the

2

1    amended complaint.

2           Third, plaintiff is advised that Rule 8(a)(2) of the Federal Rules of Civil Procedure

3    "requires only '**a short and plain statement of the claim** showing that the pleader is entitled to

4    relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon

5    which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v.

6    Gibson, 355 U.S. 41, 47 (1957)). **Citation to legal authority is unnecessary and superfluous.**

7    Although the Federal Rules adopt a flexible pleading policy, a complaint need only give fair

8    notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency,

9    733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity

10   overt acts which defendants engaged in that support plaintiff's claim. Id. **Plaintiff must plead**

11   **factual allegations** which demonstrate specifically how the conditions about which he complains

12   resulted in a deprivation of plaintiff's constitutional rights and how each named defendant is

13   involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C.

14   § 1983 unless there is some affirmative link or connection between a defendant's actions and the

15   claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

16   588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official

17   participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266,

18   268 (9th Cir. 1982).

19          Finally, plaintiff is advised that "[j]udges in the Eastern District of California carry the

20   heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources

21   to individual cases and matters." Cortez v. City of Porterville, 5 F. Supp. 3d 1160, 1162 (E.D.

22   Cal. 2014). Plaintiff should file a complaint that contains the allegations necessary to properly set

23   forth his claims; filing an excessively-long complaint will delay the court's handling of his case.

24   III.  Motion for Appointment of Counsel

25          Plaintiff moves for appointment of counsel. (ECF No. 9.)

26          District courts lack authority to require counsel to represent indigent prisoners in section

27   1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional

28   circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28

1   U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

2   Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional

3   circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as

4   well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the

5   legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not

6   abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional

7   circumstances is on the plaintiff.  Id.

8          Plaintiff asserts that he requires appointment of counsel because he is indigent, has limited

9   legal knowledge and law library access, and suffers from disability-related pain due to an inability

10  to sit, read, and write for long periods of time.  While the court sympathizes with these

11  challenges, they are insufficient to merit the appointment of counsel at this time.  Circumstances

12  common to most prisoners, such as lack of legal education and limited law library access, do not

13  establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

14  Moreover, until plaintiff files his amended complaint, the court will not be able to determine

15  plaintiff's likelihood of success on the merits or his ability to articulate his claims in light of the

16  complexity of the legal issues involved.

17         Having considered the factors under Palmer, the court finds that plaintiff has failed to

18  meet his burden of demonstrating exceptional circumstances warranting the appointment of

19  counsel at this time.

20  IV.  Conclusion

21         Accordingly, IT IS HEREBY ORDERED that:

22         1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 9) is granted.

23         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

24  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

25  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

26  Director of the California Department of Corrections and Rehabilitation filed concurrently

27  herewith.

28  ////

3.  Plaintiff's motion for the appointment of counsel (ECF No. 3) is denied without prejudice.

4.  Plaintiff's motion for leave to file an amended complaint (ECF No. 11) is granted. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a.  The completed Notice of Amendment; and

b.  An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5.  The Clerk of the Court is directed to send plaintiff the forms necessary to file a prisoner civil rights complaint.

Dated:  August 3, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/owen0982.various

5

1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DERRICK OWENS,                                No.  2:15-cv-0982 TLN KJN P

12                  Plaintiff,

13        v.                                       NOTICE OF AMENDMENT

14   JACKIE CLARK, et al.,

15                  Defendants.

16

17        Plaintiff hereby submits the following document in compliance with the court's order

18   filed_____.

19              _____          First Amended Complaint

20

21   DATED:

22                                          _____

23                                          Plaintiff

24

25

26

27

28

                                              6