UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK OWENS, | No. 2:15-cv-0982 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| JACKIE CLARK, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On March 24, 2017, plaintiff filed his third request for appointment of counsel. In his motion for appointment of counsel, plaintiff argues that the court should hold a competency hearing and appoint a guardian ad litem to represent plaintiff. As set forth below, plaintiff's motions are denied.

*Request for Appointment of Counsel*

As noted by plaintiff, he has previously sought the appointment of counsel on two prior occasions.

*Request for Competency Hearing and Appointment of Guardian ad Litem*

Plaintiff alleges that he is not competent to represent himself. Plaintiff alleges that he takes psychiatric medication because he hears voices and suffers from depression, and claims other disability related issues. (See also ECF No. 22 at 7.) Plaintiff alleges that he is currently

housed at the California Medical Facility in the Enhanced Outpatient Program for mentally ill inmates.

Federal Rule of Civil Procedure 17(c) requires a court to "appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "A party proceeding pro se in a civil lawsuit is entitled to a competency determination when substantial evidence of incompetence is presented." Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005). In determining whether substantial evidence of incompetence is presented, the district court may consider sworn declarations from the pro se party or other inmates, sworn declarations or letters from treating psychiatrists or psychologists, and his medical history. Allen, 408 F.3d at 1152-54.

A person's capacity to sue is measured by the standard of the law of his domicile, Fed. R. Civ. P. 17(b)(1), here California state law. "In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." Golden Gate Way, LLC v. Stewart, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citing In re Jessica G., 93 Cal.App.4th 1180, 1186 (2001); Cal. Civ. Proc. Code § 372; and In re Sara D., 87 Cal.App.4th 661, 666-67 (2001)).

The undersigned accepts plaintiff's representations that he suffers from a serious mental illness for which he is being treated. However, the undersigned observes that plaintiff's pleadings demonstrate that plaintiff appears to understand the nature and consequences of these proceedings. Throughout this litigation, plaintiff has appropriately responded to the court's orders, provided documents for service of process, and is now seeking discovery to support his claims, as well as the appointment of an expert witness. Whether or not plaintiff has obtained assistance to file his pleadings or other filings, it is apparent that plaintiff is able to assist in the preparation of his case, and understands the nature and consequences of this action. Therefore, plaintiff's motion for a competency hearing and for appointment of a guardian ad litem is denied. For the reasons set forth in the court's prior orders (ECF Nos. 13, 28), plaintiff's motion for appointment of counsel is denied without prejudice.

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for a competency hearing and appointment of a guardian ad litem (ECF No. 47) is denied; and

2. Plaintiff's request for appointment of counsel (ECF No. 47) is denied without prejudice.

Dated: June 14, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/owen0982.comp