UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK OWENS,<br><br>   Plaintiff,<br><br> v.<br><br>JACKIE CLARK, et al.,<br><br>   Defendants. | No. 2:15-cv-0982 TLN KJN P<br><br><br>ORDER |

I. Introduction

  Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed with this action in forma pauperis pursuant to 28 U.S.C. § 1915. This action proceeds on plaintiff's claims that defendants Clark, Dr. Ko, Dr. Ditomas, R.N. Zink, and Wendy Harris, failed to provide adequate pain medication for his chronic and severe pain in violation of the Eighth Amendment. (ECF No. 24.) Multiple motions are pending; the undersigned addresses each below.

II. Motion to Compel

  On April 6, 2017, plaintiff filed a motion to compel defendant Dr. Ko to further respond to plaintiff's request for the production of documents. Plaintiff contends the requested documents are highly relevant and likely to lead to admissible evidence. Defendants oppose the motion, alleging that plaintiff failed to meet and confer prior to filing his motion, and have subsequently

1

1  provided plaintiff with a response to request for production no. 1, but that Dr. Ko stands on his

2  other objections to the requests. Plaintiff did not file a reply.

A. <u>Applicable Legal Standards</u>

Under Rule 26 of the Federal Rules of Civil Procedure, [p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." <u>Id.</u>

With respect to requests for production, a party may propound requests for production of documents that are within the scope of Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 34(a). A party objecting to a request for production must state the reasons for the objection. Fed. R. Civ. P. 33(b)(2)(B).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3) (B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" <u>Hunt v. County of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012) (quoting <u>Avila v. Willits Envtl. Remediation Trust</u>, 633 F.3d 828, 833 (9th Cir. 2011)).

B. <u>Discussion</u>

1. <u>Request for Production No. 1</u>: Because defendant Dr. Ko has now provided documents responsive to this request, plaintiff's motion to compel further response is denied.

2. <u>Request for Production No. 2</u>:

> Copies of any and all 602 Inmate Appeals written against the above named defendant while employed as a Medical Provider by California Department of Corrections and Rehabilitation.

> <u>Response</u>:

> Defendant objects to this request on the basis that it is not relevant to the pending lawsuit and that it is not likely to lead to admissible evidence, and that it is overly broad and unduly burdensome in that it would require researching each inmate's medical file at all the institutions this responding defendant has been employed as a

2

physician and surgeon. Furthermore, such a search would violate other individual inmates' privacy rights. (F.R.E. 401, 402, 404.)

Here, plaintiff did not limit Request No. 2 as to time, topic, or institution. Despite defendant's reference to researching medical files, a search of all administrative appeals filed against defendant at any and all institutions at which he was ever employed is overly burdensome. Defendant's objection is sustained.

          3. <u>Request for Production No. 3</u>:

Copies of any and all discipline records from the above named defendant all discipline documentation contained in his file.

<u>Response</u>:

Defendant objects to this request in that it is not relevant to this pending lawsuit and is not likely to lead to admissible evidence. Additionally, Defendant objects on the basis that this request violates his right to privacy. (F.R.E. 401, 402, 404.)

In this case, plaintiff must show that Dr. Ko was deliberately indifferent to plaintiff's serious medical needs. Plaintiff fails to demonstrate how these discipline records are relevant or likely to lead to relevant evidence pertinent to plaintiff's Eighth Amendment claim against Dr. Ko.

          4. <u>Request for Production No. 4</u>:

Copies of any and all lawsuits filed against the above defendant Francis Ko for deliberate indifference/negligence or any medical care lawsuits.

<u>Response</u>:

Defendant objects to this request in that it is not relevant to this pending lawsuit and is not likely to lead to admissible evidence. Lawsuits are public documents and are equally available to Plaintiff. (F.R.E. 401, 402, 404.)

As set forth above, plaintiff must demonstrate that Dr. Ko was deliberately indifferent to plaintiff's serious medical needs. Plaintiff fails to demonstrate how any other lawsuit is relevant or likely to lead to relevant evidence pertinent to plaintiff's Eighth Amendment claim against Dr. Ko. Defendant's objection is sustained.

3

### 5. Request for Production Nos. 5 & 6

Request for Production No. 5

The requested documents are relevant and strongly needed so that the plaintiff can prepare adequately for this lawsuit, however, the defendant Francis Ko is required to respond to this request timely, see Fed.R.Civil.P.

Response:

Defendant objects in that this request is not a request within the context of a request for production of documents under F.R.C.P. 34 and, therefore, it does not require a response.

Request for Production No. 6:

If the defendant and his attorney object to any of these requested documents, shall include a statement of reasons and, if appropriate, citation to relevant authority, see Fed.R.Civil.P. 33(b)(2)(c).

Response:

Defendant objects in that this request is not a request within the context of a request for production of documents under F.R.C.P. 34 and, therefore, it does not require a response. Furthermore, F.R.C.P. 33 relied upon by Plaintiff applies to interrogatories, not requests for production of documents.

Defendant's objections to requests nos. 5 and 6 are well-taken because neither requests production of documents under Rule 34. Defendant's objections are sustained.

### 6. Conclusion

In light of the above, plaintiff's motion to compel further responses is denied.

## III. Motion for Expert Witness

On April 27, 2017, plaintiff filed a request for a court-appointed expert medical witness. Under 28 U.S.C. § 1915, federal courts may permit an indigent party to file suit without prepaying fees and costs. That statute does not authorize courts to subsidize witness fees. Hadsell v. IRS, 107 F.3d 750, 752-53 (9th Cir. 1997) (relying on Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam)). However, Federal Rule of Evidence 706 authorizes the court to appoint a neutral expert witness and apportion the fee among the parties. Where, as here, one party is indigent, the court has discretion to apportion the entire fee to the other side. McKinney v. Anderson, 924 F.2d 1500, 1511 (9th Cir. 1991), vacated and remanded on other

grounds by Helling v. McKinney, 502 U.S. 903 (1991).

Here, to the extent plaintiff seeks an expert to testify on his behalf, rather than a neutral expert, such request must be denied. To the extent that plaintiff seeks appointment of a neutral expert, he has made an insufficient showing that a neutral expert is needed to promote accurate fact-finding in this action. See Gorton v. Todd, 793 F. Supp. 2d 1171, 1177-78 (E.D. Cal. 2011) (the court's determination to appoint a neutral expert is guided by its consideration of whether the expert will promote accurate fact-finding, the ability of the indigent party to obtain an expert on his own, and the significance of the rights at stake in the case). Accordingly, plaintiff's motion for appointment of a neutral expert is denied without prejudice.

IV. Motion to Submit Medical Documents

On June 2, 2017, plaintiff filed a document styled, "Motion to Submit Medical Documents." (ECF No. 51.) Plaintiff states that in response to defendants' notice to produce documents at plaintiff's deposition, plaintiff "submits these additional medical records by sending one copy to the court and one copy to the defendants' attorney of record." (ECF No. 51 at 1.) Plaintiff notes the records are numbered one through 33 for the court to review. However, plaintiff did not submit any medical records with this filing, appending only a copy of defendants' second amended notice of taking plaintiff's deposition. (ECF No. 51 at 3-4.) In any event, plaintiff's motion is premature. Plaintiff is not obligated to submit evidence to the court at this time. Rather, if defendants file a motion for summary judgment, plaintiff is required to submit evidence in opposition to such a motion. (See October 18, 2016 Order, at 3-4, 6; Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998).) Similarly, if plaintiff chooses to file a dispositive motion, he must append evidence upon which he relies at that time. Thus, plaintiff's motion to submit medical documents is denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 48) is denied;

2. Plaintiff's request for the appointment of an expert medical witness (ECF No. 50) is denied without prejudice; and

////

3. Plaintiff's motion to submit medical documents (ECF No. 51) is denied;

Dated:  June 15, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/owen0982.31c.mtc