UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK OWENS, | No. 2:15-cv-0982 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| JACKIE CLARK, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff renews his motion for appointment of counsel, but in the alternative, seeks a guardian ad litem. As set forth below, plaintiff's motion is denied.

I. Plaintiff's Position

Plaintiff states that he is an Enhanced Out Patient ("EOP")[1] housed in the mental health program, has "some trouble understanding all court orders," "suffers from chronic pain from a past surgery and sciatic nerve pain at his left leg, always suffering pain," and takes 4,000 milligrams of Gabapentin a day for such pain. (ECF No. 61 at 2.) Plaintiff contends that the gabapentin alone affects his ability to answer court orders and litigate, and plaintiff has received

---
[1] CDCR's Mental Health Services Delivery System Program Guide provides four levels of mental health care services: Correctional Clinical Case Management System ("CCCMS"); Enhanced Outpatient ("EOP"); Mental Health Crisis Bed ("MHCB") and inpatient hospital care. Coleman v. Brown, 2013 WL 6491529, at *1 (E.D. Cal. Dec. 10, 2013).

1

assistance from jailhouse lawyers from the filing of this action. He argues that under Allen v. Calderon, 408 F.3d 1150, 1153-54 (9th Cir. 2005), pro se plaintiffs in civil actions are entitled to a competency determination when substantial evidence of incompetency is present. (ECF No. 61 at 2.) Plaintiff seeks a competency hearing and appointment of a guardian ad litem.

A. Renewed Motion to Appointment of Counsel

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

As previously noted, plaintiff prepares his filings with the assistance of other inmates, and thus far he has been able to articulate his claims with clarity. (ECF No. 28 at 2.) Plaintiff continues to receive the assistance of inmates in pursuing this action, and, at this point in the litigation, it is unclear whether it is likely plaintiff will succeed on the merits of this action. Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel.

B. Alternative Motion for Appointment of Guardian ad Litem

1. Standards

Federal Rule of Civil Procedure 17(c) requires a court to "appoint a guardian ad litem-or issue another appropriate order -- to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "A party proceeding pro se in a civil lawsuit is entitled to

a competency determination when substantial evidence of incompetence is presented." Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005). In determining whether substantial evidence of incompetence is presented, the district court may consider sworn declarations from the pro se party or other inmates, sworn declarations or letters from treating psychiatrists or psychologists, and his medical history. Id. at 1152-54.

A person's capacity to sue is measured by the standard of the law of his domicile, Fed. R. Civ. P. 17(b)(1). Because plaintiff is incarcerated in California, California state law applies. "In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." Golden Gate Way, LLC v. Stewart, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citing In re Jessica G., 93 Cal. App. 4th 1180, 1186 (2001); Cal. Civ. Proc. Code § 372; and In re Sara D., 87 Cal. App. 4th 661, 666-67 (2001)).

### 2. Medical and Mental Health Records

Here, in support of his motion, plaintiff submitted mental health medication records which he claims demonstrate that at the time of the underlying incidents, plaintiff was under the care of a psychiatrist and was prescribed psychiatric medications for hearing voices and for major depression. (ECF No. 59.) Plaintiff was a patient at the EOP level of care. (Id.; ECF No. 61 at 1.) In February of 2016, plaintiff was prescribed Risperdal and Prozac. (ECF No. 59 at 4.)

Plaintiff provided numerous medical records reflecting he has a history of a gunshot wound to his left upper thigh with sciatic nerve injury, and cervical fusion at C5-6. (ECF No. 58 at 30.) On September 10, 2008, an electroneuromyographer reported an abnormal study, stating there was significant electrophysiologic evidence (1) suggestive of a markedly severe sciatic nerve compromise at or near the hip on the left involving both myelin and axons, and (2) may suggest a radiculopathic process in the right lower extremity, involving the L4-S2 nerve roots on the right. (ECF No. 58 at 30-31.) On September 28, 2010, plaintiff was taking Tylenol with Codeine 300/30 (two tablets three times a day), and Naproxyn 500 mg twice daily; the doctor added gabapentin 600 mg three times a day and Tylenol No. 3 two tablets three times a day. (ECF No. 58 at 38.) Dr. Tuvera noted that plaintiff was "able to verbalize understanding of the

diagnoses and the plan." (Id.) On December 14, 2010, plaintiff was seen by neurophysiologist D. White, who also noted abnormal study conclusions. (ECF No. 58 at 40.) On July 29, 2014, a five-view cervical spine x-ray reflected mild cervical spondylosis. (ECF No. 58 at 49.) On August 25, 2016, an MRI cervical spine without contrast reflected post-surgical changes of C5-6 fusion (no facture or subluxation), lower cervical cord myelomalacia, and multilevel disc degenerative changes of the cervical spine with multilevel central canal and neural foraminal stenosis. (ECF No. 58 at 52.) An MRI lumbar spine without contrast reflected mild multilevel degenerative disc and facet joint disease, and mild L4-5 central canal stenosis. (ECF No. 58 at 53.) On December 6, 2016, plaintiff was seen by Dr. Moris Senegor, Neurological Surgery, who noted plaintiff's prior fusion failed, and suggested conservative therapy be administered for plaintiff's lumbar spine issues. (ECF No. 58 at 54.) Dr. Senegor discussed with plaintiff the option of surgery for his cervical spine, which would require a re-do fusion at C5-6, and a new fusion at C6-7, both with new cadaver bone grafts and a new plate. (Id.) The doctor reviewed the risks, alternatives and benefits with plaintiff "in detail." (Id.)

### 3. Discussion

Plaintiff's mental health records provide some evidence that he suffers from a mental health condition, but fail to show plaintiff lacks the ability to articulate his claims pro se. The names of the medications are written on a statewide psychotropic medication consent form which lists various possible side effects; plaintiff does not explain which side effects he suffers, if any, or how such side effects preclude his ability to prosecute this action, if they do. His medical records demonstrate that he suffers from multiple issues in connection with degenerative disc and other spine issues, but also suggest plaintiff is able to discuss such health issues with medical professionals. None of these records demonstrate the effects of any diagnosis on the prosecution of this case. See West v. Dizon, 2014 WL 114659, at *4 (E.D. Cal. Jan. 9, 2014) (denying appointment of counsel in absence of evidence showing nature or effects of mental disability where prisoner overcame such issues with the help of other inmates). Plaintiff fails to show how these records suggest a "substantial question" regarding plaintiff's competency. Allen, 408 F.3d at 1153.

Moreover, plaintiff's case survived screening; and his various motions demonstrate that he propounded discovery requests to defendants. (See, e.g., ECF No. 60 (referencing requests for admissions).) No motion to dismiss was filed, and defendants' motion for summary judgment was recently filed. Thus, plaintiff has successfully prosecuted the action to date.

For all of the above reasons, plaintiff appears to possess "the capacity to understand the nature or consequences of the proceeding" and appears to continue seeking the assistance of other inmates in prosecuting this action. Thus, his motion for a competency hearing and the appointment of a guardian ad litem is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 61) is denied; and

2. Plaintiff's motion for the appointment of a guardian ad litem (ECF No. 61) is denied.

Dated: December 20, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/owen0982.31.3