UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DERRICK OWENS,

    Plaintiff,

v.

JACKIE CLARK, et al.,

    Defendants.

No. 2:15-cv-0982 TLN KJN P

ORDER

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. On October 25, 2017, plaintiff filed a motion for a "natural expert and/or medical expert," and on November 8, 2017, plaintiff filed a motion for physical examination. As set forth below, plaintiff's motions are denied.

I. <u>Motion for Appointment of Expert</u>

Plaintiff requests a court-appointed neutral expert under Rule 706 of the Federal Rules of Evidence, and asks the court to apportion all of the fees to defendants because plaintiff is indigent. Plaintiff argues that most of the defendants are medical doctors and medical personal, and such an expert will promote accurate fact-finding, and assist the trier of fact. Plaintiff argues that "expert opinion will almost [always] be necessary to establish the necessary level of deliberate indifference," citing <u>Hutchinson v. United States</u>, 838 F.2d 390 (9th Cir. 1988); <u>Turner v. Cox</u>, 569 F. App'x 463, 468 (7th Cir. 2014). (ECF No. 60 at 2.)

1

A. Standards

Federal Rule of Evidence 706 provides "the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing." Fed. R. Evid. 706(a). However, court-appointed experts typically are used in complex litigation where the record is not clearly developed by the parties, and generally serve the purpose of aiding the court in understanding the subject matter at hand. See Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999) (appointing a physician expert witness where medical testimony on record was "not particularly clear"); Woodroffe v. Oregon, 2014 WL 1383400, at *5 (D. Or. April 8, 2014) ("This Rule permits a court to appoint a neutral expert to assist the court to understand complex, technical, or esoteric subject matter."); In re Joint E. & S. Districts Asbestos Litig., 830 F. Supp. 686, 693 (E.D. N.Y. 1993) (noting that court appointment of experts is appropriate only in "rare circumstances" and should be reserved for "exceptional cases" in which the ordinary adversarial process does not suffice, such as complex mass tort problems.) Courts do not invoke Rule 706 simply to "appoint an expert on behalf of an indigent civil party." Woodroffe, 2014 WL 1383400, at *5; see also Gorton v. Todd, 793 F. Supp. 2d 1171, 1178 n.6 (E.D. Cal. 2011) (where "all parties agree[d]" Rule 706 did not permit the appointment of a neutral expert witness solely for an indigent prisoners' "own benefit" in aiming to prove deliberate indifference.)[1]

B. Pleading Allegations

This action proceeds on plaintiff's claims that in 2014, defendants Jackie Clark, Francis Ko, M.D., Michele Ditomas, M.D., Teresa Zink, R.N., and Wendy Harris were deliberately indifferent to plaintiff's serious needs for pain relief. (ECF No. 24.) Specifically, plaintiff alleges that Dr. Ko discontinued plaintiff's morphine prescription after methamphetamine was found in plaintiff's urine sample, and failed to timely provide alternative pain medication. Plaintiff alleges

---

[1] In Gorton, the District Court Judge found the Magistrate Judge's adjudication of the request to appoint an expert clearly erroneous because of the failure to provide a reason for the denial. The District Court Judge also found the facts of that case suggested an expert might have been necessary to promote accurate factfinding. Id. at 1179.

that defendant Zink, a female, collected a urine sample from him without wearing gloves in an inmate restroom "not kept very clean and is a hot spot for drug deals and drug use," in violation of CDCR policy that collections be by staff members of the same gender and wear gloves, and thereby contaminated the urine sample resulting in the discontinuation of the morphine prescription. (ECF No. 24 at 7.) Plaintiff alleges that defendant Dr. DiTomas was a supervising doctor who had the authority to overturn Dr. Ko's order discontinuing the morphine prescription, yet failed to do so. Finally, plaintiff contends that defendant Clark denied plaintiff's administrative appeal, and defendant Harris processed the appeal as routine rather than as an emergency, both in deliberate indifference to plaintiff's serious need for pain medication by further delaying his receipt of appropriate alternative pain medications. Plaintiff argues his need for pain medication is supported by his morphine prescription received since 2008 until Dr. Ko discontinued same, as well as Dr. Ko's October 4, 2013 chrono in which Dr. Ko stated: "This is a 37 year old male with history of gunshot wound in 1995 resulting in chronic low back pain, sciatica, and left foot drop. Additionally, he is status post cervical fusion C5-6 which had complications resulting in chronic neck pain . . . ." (ECF No. 24 at 106.)

C. Discussion

First, to the extent that plaintiff seeks appointment of an expert witness for his own benefit, the court has no authority to grant him such relief. Rule 706(a) of the Federal Rules of Evidence permits the court to appoint only neutral expert witnesses. Id. Moreover, "28 U.S.C. § 1915 does not authorize the court to appoint an expert for plaintiff's benefit to be paid by the court." Gorton, 793 F. Supp. 2d at 1184 n.11.

Second, plaintiff fails to demonstrate that this action is so complex that it requires the appointment of an expert witness to assist the trier of fact. Plaintiff does not explain how his deliberate indifference claims are factually or legally complex. Plaintiff's claims of deliberate indifference to serious medical need are not so complex that the court requires a neutral expert at the summary judgment stage. See, e.g., Noble v. Adams, 2009 WL 3028242, at *1 (E.D. Cal. Sept. 16, 2009) (denying plaintiff's request to appoint medical expert witness in section 1983 action because "the issues are not so complex as to require the testimony of an expert"); Lopez v.

Scribner, 2008 WL 551177, at *1 (E.D. Cal. Feb. 27, 2008) (denying plaintiff's request to appoint medical expert witness in § 1983 action because "the legal issues involved in this action are not particularly complex."); Hooker v. Adams, 2007 WL 4239570, at *1 (E.D. Cal. Dec. 3, 2007) (plaintiff's motion for the appointment of an expert witness denied as "the legal issues involved in this action are not particularly complex."). Rather, this case involves a relatively straightforward Eighth Amendment claim that will turn on the nature of each defendant's response to plaintiff's serious medical need.

Plaintiff's motion for a neutral expert under Rule 706 is denied.

II. Motion for Physical Exam

Plaintiff seeks an order for a physical examination of plaintiff under Rules 35 and 45 of the Federal Rules of Civil Procedure, and Rule 706 of the Federal Rules of Evidence. (ECF No. 65.) Plaintiff argues that such independent physical exam will assist the trier of fact with all the medical records plaintiff has provided. Specifically, plaintiff alleges that defendant Francis Ko is being sued for a denial of medical care and Eighth Amendment violation, and contends that Ko "went against his own diagnosis of plaintiff," by the following responses to Requests for Admissions:

No. 4 response (set one): "Admit only to the extent that the pain alleged by plaintiff was self-preclaimed." (ECF No. 65 at 2-3.)

No. 2 and No. 6 responses (set two): "it was in no way a written affirmation of chronic pain." (ECF No. 65 at 3.)

Plaintiff argues that defendant Ko prescribed morphine for plaintiff's chronic pain based on the diagnosis of chronic neck, back and sciatic nerve pain from nerve damage, as well as plaintiff's prior cervical fusion. (ECF No. 65 at 3.)

Rule 35 provides that the Court "may order a party whose mental or physical condition -- including blood group -- is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). Thus, the court may compel a party to submit to a physical or mental examination. This rule does not provide that the court

////

4

must provide an expert witness for any party. "Rule 35 does not allow for a physical examination of oneself." Berg v. Prison Health Servs., 376 F. App'x 723, 724 (9th Cir. 2010).

Here, plaintiff is not entitled to obtain a physical examination of himself. See Fed. R. Civ. P. 35; Berg, 376 F. App'x at 724. Moreover, no physical examination of plaintiff is required for the determination of plaintiff's deliberate indifference claims because his medical condition is not in dispute. Id. Plaintiff's motion is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for a the appointment of an expert (ECF No. 60) is denied; and

2. Plaintiff's motion for a physical examination (ECF No. 65) is denied.

Dated: December 20, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/owen0982.31c.2