1    XAVIER BECERRA, State Bar No. 118517
Attorney General of California
2    PETER A. MESHOT, State Bar No. 117061
Supervising Deputy Attorney General
3    OLIVER R. LEWIS, State Bar No. 133557
Deputy Attorney General
4      1300 I Street, Suite 125
      P.O. Box 944255
5      Sacramento, CA 94244-2550
      Telephone: (916) 210-7508
6      Fax: (916) 322-8288
      E-mail: Oliver.Lewis@doj.ca.gov
7    *Attorneys for Defendant Jackie Clark,
Francis Ko, M.D., Michele Ditomas, M.D.,*
8    *Teresa Zink, R.N., and Wendy Harris*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DERRICK OWENS,**<br><br>                        Plaintiff,<br><br>v.<br><br>**JACKIE CLARK, et al.,**<br><br>                        Defendants. | 2:15-cv-00982 TLN KJN<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |

**TO PLAINTIFF, DERRICK OWENS, IN PRO SE:**

    Defendant Jackie Clark, Francis Ko, M.D., Michele Ditomas, M.D., Teresa Zink, R.N., and Wendy Harris hereby submit their Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment as follows:

    In his Opposition to Defendants' Motion for Summary Judgment, Plaintiff admits Defendants' Undisputed Material Facts ("DUMFs") nos. 1, 2, 5, 6, 8, 14, 19, 20, 24, 25, 26, 30, 31, 33, 35, 38, 39, 40, 42, 43, 45, and 47. Plaintiff admits in part Defendants DUMF Nos. 3, 4, 7, 9, 10, 11, 15, 21, 32, 36, 37, 41, 44, and 50. Plaintiff disputes all other material facts. Therefore, this Reply will only address Plaintiff's disputed and partially disputed facts.

/ / / /

<u>DUMF No. 3</u>: Plaintiff partially admits and partially denies this undisputed fact. However, he does not identify which part of the statement he admits or denies. Furthermore, the evidence cited by Plaintiff in support of this fact does not support his alleged dispute. Therefore, this fact remains undisputed.

<u>DUMF No. 4</u>: Plaintiff partially admits and partially denies this undisputed fact. However, he does not identify which part of the statement he admits or denies. Furthermore, the evidence cited by Plaintiff in support of this fact does not support his alleged dispute. Whether Plaintiff was refused medication in June and July, 2014, in addition to April and May, 2014 all stems from the fact that he violated his pain management contract and that he was found to have methamphetamine in his system, which was a dangerous combination given that Plaintiff was also receiving morphine. As soon as Plaintiff requested alternate pain medication, on July 22, 2014, he was provided Ibuprofen 400 mg and Nortriptyline 25 mg by Dr. Ko. (Ko Decl., ¶ 12.) Therefore, this fact remains undisputed.

<u>DUMF No. 7</u>: Plaintiff partially admits and partially denies this undisputed fact. However, he does not identify which part of the statement he admits or denies. Furthermore, the evidence cited by Plaintiff in support of this fact does not support his alleged dispute. Therefore, this fact remains undisputed.

<u>DUMF No. 9</u>: Although unclear which part of this fact is disputed by Plaintiff, he appears to be disputing that the methamphetamine found in his urine sample was not his and that it had, somehow been contaminated. However, Plaintiff does not support his alleged dispute of this fact with any admissible evidence, other than his own statement in his First Amended Complaint ("FAC".) Therefore, this fact remains undisputed.

<u>DUMF No. 10</u>: Although unclear which part of this fact is disputed by Plaintiff, he appears to be disputing that the methamphetamine found in his urine sample was not his and that it had, somehow been contaminated. However, Plaintiff does not support his alleged dispute of this fact with any admissible evidence, other than his own statement in his First Amended Complaint ("FAC".) Therefore, this fact remains undisputed.

////

<u>DUMF No. 11</u>: Plaintiff partially admits and partially denies this undisputed fact. However, he does not identify which part of the statement he admits or denies. Furthermore, the evidence cited by Plaintiff in support of this fact does not support his alleged dispute. Therefore, this fact remains undisputed.

<u>DUMF No. 12</u>: Plaintiff denies this fact; however, he does not support his denial with any admissible evidence. He simply refutes this undisputed fact by stating that he was refused medication and that he filed a Health Care Request, all of which is irrelevant to this undisputed fact. Therefore, this fact remains undisputed.

<u>DUMF No. 13</u>: Plaintiff denies this fact by simply denying it. He does not support his denial with any admissible evidence. The fact that Plaintiff submitted his Health Care Request on June 2, 2014 is irrelevant to this undisputed fact. Furthermore, Plaintiff does not introduce any admissible evidence supporting his contention that he was never seen by Dr. Ko on June 16 and June 22, 2014. Plaintiff's denial of being seen on those two dates is also irrelevant because he admits that he was seen by Dr. Ko on July 24, 2014, which is the date he was prescribed Ibuprofen 400 mg and Nortriptyline 25 mg. Therefore, this fact remains undisputed.

<u>DUMF No. 15</u>: Plaintiff attempts to deny this fact by stating that he did not use methamphetamine. Plaintiff cannot simply deny this fact by stating the contrary. He does not support his denial with any admissible evidence to show that he had not been using methamphetamine, despite the urine sample's result showing the contrary. Therefore, this fact remains undisputed.

<u>DUMF No. 16</u>: Plaintiff denies this fact by stating that he was refused medication on June 2, 2014. However, he does not allege who refused to give him pain medication. Furthermore, Plaintiff does not have any medical training and, therefore, is not qualified to opine as to the standard of care provided to him by Dr. Ko. Therefore, this fact also remains undisputed.

<u>DUMF No. 17</u>: Plaintiff attempts to deny this fact by stating that he was denied medical treatment. Plaintiff's statement fails to address the substance of this undisputed fact. Specifically, Plaintiff does not address the fact that the treatment that was provided to him was consistent with the community standard of care and CDCR policies and procedures. There is no

admissible evidence to support Plaintiff's denial of this fact. Therefore, this fact remains undisputed.

DUMF No. 18: Plaintiff attempts to deny this undisputed fact by reiterating his allegation that he was refused treatment. Once again, Plaintiff does not support his allegation with any admissible evidence. He simply cites to his FAC and to some Exhibit 1; however, it is unclear which exhibit 1 Plaintiff is referring to. Therefore, this fact remains undisputed.

DUMF No. 21: Plaintiff attempts to deny this undisputed material fact by simply stating that he alleged in his FAC that Nurse Zink had violated the "DOM" policies because he was of a different gender as Nurse Zink and she collected his urine sample. However, Plaintiff ignores the fact that Defendants proffered admissible evidence to the effect that the DOM section cited by Plaintiff only applies to <u>custody</u> settings, not medical settings. Plaintiff does not have any admissible evidence to deny this fact and, therefore, it remains undisputed.

DUMF No. 22: Plaintiff attempts to support his denial of this fact with Exhibit 33 attached to his FAC. That exhibit only shows the wording of the DOM regulation relied upon by Plaintiff. However, it fails to show the context of the regulation. Title 15 section 520.17 is a part of Chapter 5 which clearly only applies to "Custody and Security Operations." This is further corroborated by Defendant Zink's declaration filed in conjunction with Defendant's motion for summary judgment, wherein she testifies that section 52010.17 only applies to <u>custody</u>, not medical settings. (Zink Decl. ¶ 6.)

DUMF No. 23: Plaintiff tries to dispute this fact simply by stating the contrary. However, he fails to cite to any regulation or policy that prevents same-gender nursing staff from collecting urine samples from inmates for medical reasons. As stated above, Title 15 section 520.17 is a part of Chapter 5 which clearly only applies to "Custody and Security Operations." Therefore, this fact remains undisputed.

DUMF No. 27: In his attempt to dispute this fact, Plaintiff simply states that the urine sample collected by Defendant Zink was contaminated by the fact that Defendant Zink was not wearing gloves when she handed the receptacle to him. Plaintiff does not produce any admissible evidence to support this fact. On the contrary, Dr. Ko testified in his declaration that detectable

4

1  levels of methamphetamine can only be found in a urine sample when someone has used
2  methamphetamines within a few days prior to the test. (Ko Decl. ¶ 8.) Plaintiff is not qualified to
3  dispute Dr. Ko's medical opinion. Therefore, this fact remains undisputed.

4      <u>DUMF No. 28</u>: In his attempt to dispute this fact, Plaintiff simply states that the urine
5  sample collected by Defendant Zink was contaminated by the fact that Defendant Zink was not
6  wearing gloves when she handed the receptacle to him. Plaintiff does not produce any admissible
7  evidence to support this fact. On the contrary, Dr. Ko testified in his declaration that detectable
8  levels of methamphetamine can only be found in a urine sample when someone has used
9  methamphetamines within a few days prior to the test. (Ko Decl. ¶ 8.) Plaintiff is not qualified to
10 dispute Dr. Ko's medical opinion. Therefore, this fact remains undisputed.

11     <u>DUMF No. 32</u>: Plaintiff admits this fact in part. The basis for partly disputing this fact is
12 that Defendant DiTomas also had the authority to order a repeat urine collection. Whether Dr.
13 DiTomas had the authority to do so or not is irrelevant. She used her professional judgment as
14 the Chief Physician and Surgeon to support Dr. Ko's decision to discontinue Plaintiff's morphine
15 because of the potential health risk when morphine is combined with methamphetamines.
16 Therefore, this fact also remains undisputed.

17     <u>DUMF No. 34</u>: The basis for Plaintiff's attempt to dispute this fact is identical to DUMF
18 No. 28 above. Dr. Ko testified in his declaration that detectable levels of methamphetamine can
19 only be found in a urine sample when someone has used methamphetamines within a few days
20 prior to the test. (Ko Decl. ¶ 8.) Plaintiff is not qualified to dispute Dr. Ko's medical opinion.
21 Therefore, this fact remains undisputed.

22     <u>DUMF No. 36</u>: The basis for Plaintiff's attempt to dispute this fact is identical to DUMF
23 No. 28 above. Dr. Ko testified in his declaration that detectable levels of methamphetamine can
24 only be found in a urine sample when someone has used methamphetamines within a few days
25 prior to the test. (Ko Decl. ¶ 8.) Plaintiff is not qualified to dispute Dr. Ko's medical opinion.
26 Therefore, this fact remains undisputed.

27     <u>DUMF No. 37</u>: The basis for Plaintiff's attempt to dispute this fact is identical to DUMF
28 No. 28 above. Dr. Ko testified in his declaration that detectable levels of methamphetamine can

1  only be found in a urine sample when someone has used methamphetamines within a few days
2  prior to the test. (Ko Decl. ¶ 8.) Plaintiff is not qualified to dispute Dr. Ko's medical opinion.
3  Therefore, this fact remains undisputed.
4  <u>DUMF No. 41</u>: The basis for Plaintiff's attempt to dispute this fact is identical to DUMF
5  No. 28 above. Dr. Ko testified in his declaration that detectable levels of methamphetamine can
6  only be found in a urine sample when someone has used methamphetamines within a few days
7  prior to the test. (Ko Decl. ¶ 8.) Plaintiff is not qualified to dispute Dr. Ko's medical opinion.
8  Therefore, this fact remains undisputed.
9  <u>DUMF No. 44</u>:  Plaintiff admits this fact in part. He attempts to dispute it on the basis that
10 because his appeal was processed as "routine" rather than "emergency" delayed his medical care.
11 This ignores the fact that, as testified by Defendant Harris in her declaration, filed in conjunction
12 with Defendants' motion for summary judgment, as an appeals coordinator, she did not have the
13 authority to assign a designation of either "routine" or "emergency" to an appeal as she is not a
14 clinician. (Harris Decl., ¶ 6.) Therefore, this fact remains undisputed.
15 <u>DUMF No. 48</u>: Plaintiff attempts to dispute this fact by simply denying it. He does not
16 support it with any admissible evidence other than his own denial. Therefore, this fact also
17 remains undisputed.
18 <u>DUMF No. 49</u>: Plaintiff attempts to dispute this fact by simply denying it. He does not
19 support it with any admissible evidence other than his own denial. Therefore, this fact also
20 remains undisputed.
21 <u>DUMF No. 50</u>: Although Plaintiff appears to be disputing this fact, in part, he does not
22 contradict it. He simply acknowledges that Defendant Harris was the Health Care Appeals
23 Coordinator. Therefore, this fact also remains undisputed.
24 / / / /
25 / / / /
26 / / / /
27 / / / /
28 / / / /

| | |
|---|---|
| Dated: December 27, 2017 | Respectfully submitted,<br><br>XAVIER BECERRA<br>Attorney General of California<br>PETER A. MESHOT<br>Supervising Deputy Attorney General<br><br>*Oliver R. Lewis*<br><br>OLIVER R. LEWIS<br>Deputy Attorney General<br>*Attorneys for Defendants Jackie Clark,*<br>*Francis Ko, M.D., Michele Ditomas, M.D.,*<br>*Teresa Zink, R.N., and Wendy Harris* |

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **Derrick Owens v. Jackie Clark, et al.**
No.: **2:15-cv-00982 TLN KJN**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On <u>December 27, 2017</u>, I served the attached DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Derrick Owens, V-49527
California Medical Facility
P.O. Box 2000
Vacaville, CA  95696-2000

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>December 27, 2017</u>, at Sacramento, California.

|  |  |
|---|---|
| Lois M. Buzbee-Osby | */s/ Lois M. Buzbee-Osby* |
| Declarant | Signature |

SA2016302529
12908194.doc