XAVIER BECERRA, State Bar No. 118517
Attorney General of California
PETER A. MESHOT, State Bar No. 117061
Supervising Deputy Attorney General
OLIVER R. LEWIS, State Bar No. 133557
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7508
 Fax: (916) 322-8288
 E-mail: Oliver.Lewis@doj.ca.gov
*Attorneys for Defendants Jackie Clark,
Francis Ko, M.D., Michele DiTomas, M.D.,
Teresa Zink, R.N., and Wendy Harris*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DERRICK OWENS,** | 2:15-cv-00982 TLN KJN |
| Plaintiff, | **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| **JACKIE CLARK, et al.,** | |
| Defendants. | |

## I.

## INTRODUCTION

Plaintiff filed his Opposition to Defendants' Motion for Summary Judgment on December 15, 2017. Defendants hereby reply to Plaintiff's opposition as follows:

## II.

## ARGUMENT

### A. PLAINTIFF'S OPPOSITION IS NOT SUPPORTED BY ADMISSIBLE EVIDENCE

In his opposition, Plaintiff attempts to create disputed material facts by simply denying Defendants' undisputed material facts. Plaintiff does not support his attempts to dispute facts with any admissible evidence, other than his statement to that effect or his First Amended

1

Complaint. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242-248 (1986), the Supreme Court made it clear that a party opposing a motion for summary judgment must affirmatively show that a dispute about a material fact is genuine, such that a reasonable jury could return a verdict for the nonmoving party. *Id.*, 477 U.S. at 248. This standard requires that this Court grant this motion if the evidence proved against the defendants' motion is "merely colorable" or "not significantly probative." (*Id.*, 477 U.S. at 429; *Isenberg v. Insurance Company of North America*, 815 F.2d 1285, 1288 (9th Cir. 1987). Thus, Plaintiff may not rest on his complaint in opposition to Defendants' motion for summary judgment. *First National Bank of Arizona v. City Service Co.*, 391 U.S. 253, 289 (1968). Furthermore, in cases involving complex medical issues expert medical opinion testimony is necessary to establish deliberate indifference. *See Hutchinson v. United States*, 838 F.2d 390 (9th Cir. 1988). Expert testimony is also necessary to show that actual harm was caused by the alleged failure to provide care or treatment.

A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation or deliberate indifference under the Eighth Amendment. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Inadequate treatment due to malpractice or even gross negligence does not constitute an Eight Amendment violation. *Wood*, 900 F.2d at 1334; *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980). A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992).[1] It is also relevant to consider whether the plaintiff can establish more than one isolated instance of neglect. *Wood*, 900 F.2d at p. 1334.

---

[1]/ Overruled on other grounds by *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

In short, isolated occurrences of neglect do not establish a constitutional violation. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Mere delay in the receipt of treatment, without more, does not establish deliberate indifference. (*Shapley, supra*, 766 F.2d at 407; *Hunt v. Dental Dept.*, 865 F.2d 198, 200 (9th Cir. 1989).) To establish a violation, it must be shown that the delay caused substantial harm. (*Wood, supra*, 900 F.2d at 1335.) Where only a difference of opinion as to diagnosis and treatment is shown, no violation is established. *Shields v. Kunkle*, 442 F.2d 409, 410 (9th Cir. 1971); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Here, Plaintiff essentially complains of all Defendants because his morphine was discontinued after his urine sample showed that he had used methamphetamines. Although he consistently states, in his opposition, that the urine sample was contaminated by Defendant Zink, Plaintiff does not proffer any admissible evidence to that effect. This is case amounts to nothing more than a difference in medical opinion. Defendants discontinued Plaintiff's morphine because of the serious health risk posed by combining morphine with methamphetamines. Plaintiff does not and cannot produce admissible evidence to the contrary.

Defendants respectfully request that their motion for summary judgment be granted and that judgment be entered in their favor.

Dated: December 27, 2017

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
PETER A. MESHOT
Supervising Deputy Attorney General

*Oliver R. Lewis*

OLIVER R. LEWIS
Deputy Attorney General
*Attorneys for Defendants*

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **Derrick Owens v. Jackie Clark, et al.**
No.: **2:15-cv-00982 TLN KJN**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On December 27, 2017, I served the attached DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Derrick Owens, V-49527
California Medical Facility
P.O. Box 2000
Vacaville, CA 95696-2000

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on December 27, 2017, at Sacramento, California.

| Lois M. Buzbee-Osby | /s/ Lois M. Buzbee-Osby |
|---|---|
| Declarant | Signature |

SA2016302529
12908267.doc